# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EARNEST L. PHILLIPS,

    Petitioner,

vs.

KATHLEEN DELANEY, *et al.*,

    Respondents.

Case No. 2:14-cv-01023-JCM-VCF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

    This court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The court concludes that the petition must be dismissed without prejudice for the reasons discussed below.

    In the instant case, the petition seeks reconsideration of a decision in an ongoing state criminal proceeding.  Under the circumstances articulated in petitioner's pleadings, this United States District Court has no jurisdiction to direct a state court's proceedings in an ongoing criminal case.  *See Carriger v. Stewart,* 95 F.3d 755, 762 (9th Cir. 1996) (*overruled on other grounds*, 132 F.3d 463 (9th Cir.1997); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (per curiam) (collecting cases), *cert. denied*, 493 U.S. 1012 (1989)).

In his petition, petitioner admits that his criminal proceedings are still pending in the Nevada state courts. (ECF No. 1-1). A review of petitioner's case on the electronic filing database for the Eighth Judicial District Court for the State of Nevada reveals that petitioner's criminal proceedings in state district court are still pending. (*See* Register of Actions, case no. C-14-296481-1, www.clarkcountycourts.us). Because plaintiff's criminal proceedings that he challenges in the instant federal habeas corpus action are still pending in state court, this action must be dismissed, without prejudice, as discussed below.

This action must be dismissed because all of petitioner's federal habeas claims are unexhausted in state court. None of the grounds presented in the petition have been exhausted in state court. Those matters are still proceeding in state court. It is appropriate that the state court have the opportunity to address and resolve any errors that may have occurred in the state court proceedings. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); *see also* 28 U.S.C. § 2254(b)(1)(A). The exhaustion rule in federal habeas is codified at 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004). Because petitioner has not exhausted his federal habeas corpus claims in state court, his petition must be dismissed without prejudice.

Further, dismissal is appropriate under the abstention doctrine. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The *Younger* abstention doctrine applies to claims raised in federal habeas corpus proceedings. *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980), *cert. denied*, 449 U.S. 1014 (1980). The *Younger*

abstention doctrine applies when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. at 432; *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other special circumstances where irreparable injury can be shown, is federal injunctive relief against pending state prosecutions appropriate. *Carden v. Montana*, 626 F.2d 82, 83-84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

In the instant case, all prerequisites to the *Younger* abstention doctrine are present. First, petitioner is currently the subject of a criminal proceeding in state court, which is ongoing and has not reached final adjudication. Second, the State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. Third, the state court criminal proceedings afford an opportunity for petitioner to raise the constitutional claims asserted in the federal habeas petition. Finally, petitioner has not demonstrated any extraordinary circumstance why this court should not abstain from entertaining the petition. For the reasons discussed above, the federal habeas petition is dismissed without prejudice.

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Pretrial petitioners require a certificate of appealability prior to appealing a denial of relief under 28 U.S.C. § 2241. *See Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner in the petition, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court therefore denies petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's motion to proceed in *forma pauperis* (ECF No. 1) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that all pending motions in this action are **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** to bringing a federal habeas petition once his state criminal proceedings and all state appeals have concluded.

**IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT ACCORDINGLY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED July 2, 2014.

_____
UNITED STATES DISTRICT JUDGE